The undersigned have reviewed the prior Opinion and Award of Theresa B. Stephenson, the record of the proceedings before Deputy Commissioner Haigh, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for substantial modifications that do not change the ultimate outcome.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employee-employer relationship existed at all relevant times.
3. St. Paul Fire and Marine Insurance was the Workers Compensation carrier on the risk on 16 July 1985 and paid the last compensation pursuant to a Form 28B on 8 February 1996. The previous final award of the North Carolina Court of Appeals was filed 19 September 1995.
4. Plaintiff suffered an injury by accident on 16 July 1985 when he twisted his back while moving a piece of pipe weighing 50 pounds.
5. Plaintiffs medical records are admitted into evidence.
6. The issues to be determined by the Full Commission are whether plaintiff has suffered a change of condition compensable under the Workers Compensation Act, and to what benefits he is entitled, if any.
The previous Deputy Commissioner orders and Opinion and Awards, the prior Full Commission Opinion and Award, and the North Carolina Court of Appeals decision in this matter are a part of the record.
************
On September 6, 2000, plaintiff filed a motion with the Full Commission to vacate the 30 January 1991 Opinion and Award of Deputy Commissioner Ford, the 10 January 1994 Opinion and Award of Commissioner Ward, and the 8 November 1999 Opinion and Award of Deputy Commissioner Stephenson. Plaintiff argues erroneously that the denials of additional benefits in these prior decisions were based upon plaintiffs refusal to accept rehabilitative treatment due to alcoholism and narcotic addiction prior to an order compelling compliance having been entered by the Commission under N.C. Gen. Stat. 97-25. However, the North Carolina Court of Appeals has ruled on this issue and the Industrial Commission does not have the power to overturn that decision. Furthermore, a close reading of the unanimous Court of Appeals decision shows that the denial of additional benefits to plaintiff was not based on an N.C. Gen Stat. 97-25
suspension, but instead on a causation analysis finding that plaintiffs disability was due to depression caused by alcohol and Tylox consumption and not as a result of the injury by accident or any condition caused by the injury by accident. Plaintiffs motion must be, and hereby is DENIED.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. This matter has been the subject of four hearings before Deputy Commissioners, a previous Full Commission Opinion and Award, and a North Carolina Court of Appeals decision.
2. A 24 June 1987 hearing before Deputy Commissioner Morgan Chapman resulted in a Form 26 agreement that was approved by the Commission on 14 May 1987 and provided ongoing total disability compensation payments for "necessary weeks.
3. A Form 33 was subsequently filed on the issue of plaintiffs alleged permanent total disability and former Deputy Commissioner Christine Denson held a hearing on 23 March 1989. After Deputy Commissioner Denson recused herself from the case after taking four hours of testimony, the case was heard before Deputy Commissioner Richard Ford on 28 March 1990. Deputy Commissioner Ford, in an Opinion and Award filed 30 January 1991, found that plaintiffs addiction to Tylox and alcohol, as well as his refusal to undergo medical and vocational rehabilitation, were dual causative factors of his disabity at that time. Deputy Commissioner Ford awarded plaintiff compensation for his 25% permanent partial impairment rating, but found that plaintiff was not permanently and totally disabled as a result of the compensable injury. The Full Commission affirmed Deputy Commissioner Fords Opinion and Award with slight modifications.
4. Plaintiff appealed the Full Commission decision to the North Carolina Court of Appeals. The Court of Appeals, in an unanimous unpublished decision filed 19 September 1995, reasoned that "plaintiffs depression was caused by taking prescription medication and drinking alcohol and that "[p]laintiffs willful substance abuse, taking prescription medication and drinking alcohol, is an intervening cause attributable to claimants own intentional conduct in concluding that "plaintiffs depression is not a natural consequence of his compensable back injury. The Court of Appeals affirmed the Full Commission decision, denying plaintiff additional workers compensation disability benefits on this basis. Petition for Discretionary Review was denied by order of the North Carolina Supreme Court on 7 December 1995.
5. In April 1996 plaintiff filed with the Commission a Form 33 request for hearing on the grounds that plaintiff was entitled to additional compensation because plaintiff allegedly underwent a change of condition in 1990 when he stopped consuming alcohol and was willing to attempt rehabilitation beginning at that time.
6. Deputy Commissioner William L. Haigh held the resultant hearing on 17 October 1996. After the resignation of Deputy Commissioner Haigh, the case was reassigned to Deputy Commissioner Theresa B. Stephenson, who filed an Opinion and Award in the matter on 8 November 1999. Deputy Commissioner Stephenson found that plaintiff had not undergone a compensable change of condition.
7. The extent of plaintiffs disability has not changed since the previous decisions rendered in this case. Plaintiffs physicians have the same opinions regarding plaintiffs disability they held in 1991.
8. Plaintiff claims his cessation of alcoholic beverage consumption in 1990 constituted a compensable change of condition. Plaintiffs consumption of alcoholic beverages was just one factor listed in the North Carolina Court of Appeals opinion that supported the Commissions finding that plaintiffs disability was not sufficiently related to the 1985 compensable injury to constitute entitlement to ongoing benefits.
9. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff has sustained any change of condition compensable under the Act. Furthermore, the Full Commission cannot overturn the determination, appealed repeatedly and ultimately made by the North Carolina Court of Appeals in 1995, that there is an insufficient causation nexus between the compensable injury and plaintiffs disability to award additional benefits based only on testimony that plaintiff gave up alcohol in 1990, the year before the first Opinion and Award was entered in this case, and with no medical evidence showing any change in plaintiffs physical capacity to earn wages since the Court of Appeals decision.
************
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Inasmuch as plaintiff has not undergone a substantial change of condition since the last payment of compensation made pursuant to an award, he is not entitled to additional compensation. N.C. Gen. Stat. 97-47.
2. Plaintiff is entitled to have defendants provide all medical treatment by authorized treating physicians arising from his compensable injury of 16 July 1985. N.C. Gen. Stat. 97-25, Hyler v. GTE ProductsCompany, 333 N.C. 258; 425 S.E.2d 698 (1993).
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiffs claim for additional compensation must be, and the same hereby is, DENIED.
2. Defendants shall pay all medical expenses of authorized physicians incurred as a result of plaintiffs injury by accident.
3. The parties shall share the costs of this appeal.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER